UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>MICHAEL STRAINER, Warden,<br><br>　　　　　　Respondent. | Case No. 11-cv-190-LAB(JMA)<br><br>**ORDER:**<br>**1) DENYING PETITIONER'S EX PARTE APPLICATION FOR JOINDER OF CLAIMS [DOC. NO. 22];**<br>**2) DENYING REQUEST FOR ENTRY OF DEFAULT [DOC. NO. 14];**<br>**3) GRANTING MOTION TO RENAME RESPONDENT [DOC. NO. 24]; AND**<br>**4) DIRECTING CLERK'S OFFICE TO PROVIDE PETITIONER WITH A COPY OF THE ANSWER AND TO MODIFY THE DOCKET TO REFLECT "MATTHEW CATE, SECRETARY" AS RESPONDENT** |

**EX PARTE APPLICATION FOR JOINDER OF CLAIMS**

On January 27, 2011, Petitioner William Cecil Thornton filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No.1.] Thereafter, he attempted to file a document captioned "Petition for Joiner of Case's and Claims," in which Thornton requested claims he filed in Thornton v. Cate, et al., Case No. 11CV1485-BEN(WMC) be coordinated with this case. On August 30, 2011, the Court rejected the document for filing because Thornton v. Cate, et al., Case No. 11CV1485-BEN(WMC) had already been dismissed and terminated on the basis it was duplicative of this action. [Doc. No. 11.]

Thornton then filed an Ex Parte Application seeking to have the proceedings in this case coordinated with the aforementioned Cate action and also Thornton v. Schwarzenegger, et al., Case No. 10CV1583-RBB. [Doc. No. 22.]  Thornton explained that the factual basis for these cases is shared.  He initially filed Schwarzenegger, predicating his claims on liability under 42 U.S.C. § 1983, but when they were dismissed as not being cognizable under that statute, he attempted to seek federal habeas relief in Cate.  Thornton claims the cases should be coordinated because some of the claims that were made in these two cases were not filed in this case.  The ex parte application is denied, however, because both Cate and Schwarzenegger have been terminated and coordination, therefore, is not appropriate.[1]

If Thornton seeks to add claims that were made in Cate, or its predecessor § 1983 action Schwarzenegger, and that have not already been raised in his Petition in this case, he must file a Motion for Leave to File a First Amended Petition no later than **November 4, 2011.**[2]  Any such motion shall include as an exhibit a copy of the proposed First Amended Petition, which shall be complete in itself without reference to the original Petition or any other filings in this case or any other case.  See Civ LR 15.1 Furthermore, all proposed new claims must be timely filed or "relate back" to the claims made in the Petition filed in this action.[3]  Respondent may file an opposition to the

---

[1] In Thornton v. Schwarzenegger, et al., Case No. 10CV1583-RBB, Thornton filed a Complaint under the Civil Rights Act pursuant to 42 U.S.C. § 1983, in which he challenged conditions of his parole.  The Court granted Defendant's Motion to Dismiss and terminated the case on June 1, 2011, in part on the basis that Thornton's claims were not cognizable under § 1983 and must be prosecuted in a claim for habeas relief.  Thornton thereafter filed Thornton v. Cate, et al., Case No. 11CV1485-BEN(WMC), raising the claims made in the Schwarzenegger case under habeas law.

[2] If any claims brought in Schwarzenegger are to be added here, the legal basis for these claims must arise solely under federal habeas law and not under § 1983.

[3] Rule 15(c) states: "An amendment of a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. Rule Civ. P. 15(c)(1)(B). In Mayle, the Supreme Court held that "claims added by amendment [must] arise from the same core facts as the timely filed claims," and must not be "separate in

Motion for Leave File a First Amended Petition **within fourteen (14) days of the filing of the motion**.

**REQUEST TO ENTER DEFAULT**

In a separate filing, Thornton requests the Court enter default as to Respondent Matthew Strainer, on the basis an Answer or Notice of Appearance was not timely filed. [Doc. No. 14.] Respondent did, however, file an Answer on August 30, 2011, which apparently has not been received by Thornton. [Doc. No. 12 and 25.] The motion is denied, therefore, as moot. The Clerk's Office is directed to provide Thornton with a courtesy copy of the Answer concurrent with service of this Order. If Thornton intends to file a Traverse to the Answer instead of filing a Motion for Leave to File a First Amended Petition, his deadline to do so is extended to **November 4, 2011**.

**MOTION TO RENAME RESPONDENT**

Thornton has also filed a motion seeking to rename the Respondent in this action. At the time of filing, Thornton was apparently housed at California Correctional Institution ("CCI") and thus named Michael Warden, as Respondent. Based on the notice of change of address Petitioner submitted to the Court on August 22, 2011, it appears Petitioner is no longer housed at CCI; rather, it appears he is presently incarcerated at Correctional Training Facility in Soledad, California. [Doc. No. 10.]

A writ of habeas corpus acts upon the custodian of the state prisoner. See 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. Because Thornton's place of custody has changed, so has his custodian. Accordingly, in order to conform with the requirements of Rule 2(a) of the Rules Governing § 2254 Cases, the Court GRANTS Thornton's Motion to Rename Respondent. To avoid changing the Respondent again if Thornton is transferred to another prison or paroled, the Court hereby sua sponte ORDERS the substitution of Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, as Respondent in place of "Michael Strainer." See

---

both time and type from the originally raised episodes." Mayle, 545 U.S. at 657 (quotation and citation omitted).

1 | Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent
2 | in § 2254 proceedings may be the chief officer in charge of state penal institutions).
3 |     The Clerk of the Court shall modify the docket to reflect "Matthew Cate,
4 | Secretary" as respondent in place of "Michael Strainer."
5 | **IT IS SO ORDERED**.
6 | DATED: October 17, 2011

                                      Jan M. Adler
                                      U.S. Magistrate Judge