UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>           Petitioner,<br><br>v.<br><br>MICHAEL STRAINER, Warden,<br><br>           Respondent. | Case No. 11-cv-190-LAB(JMA)<br><br>**ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION [DOC. NO. 35]** |

On January 27, 2011, Petitioner William Cecil Thornton filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No.1.]  Thereafter, he unsuccessfully attempted to add claims to this case that he had previously asserted in two other actions which have been terminated.  On October 17, 2011, the Court issued an order detailing Petitioner's attempts, denying his ex parte application for joinder of claims and informing Petitioner:

> If Thornton seeks to add claims... that have not already been raised in his Petition in this case, he must file a Motion for Leave to File a First Amended Petition no later than **November 4, 2011.**  Any such motion shall include as an exhibit a copy of the proposed First Amended Petition, which shall be complete in itself without reference to the original Petition or any other filings in this case or any other case.  See Civ LR 15.1 Furthermore, all proposed new claims must be timely filed or "relate back" to the claims made in the Petition filed in this action.

[Doc. No. 26 (footnotes omitted)]

On December 15, 2011, Petitioner filed a motion captioned "Request for Leave to Amend Petition for Writ of Habeas Corpus." [Doc. No. 35.]  Federal Rule of Civil Procedure 15 governs amendments to pleadings in habeas proceedings. See 28 U.S.C. § 2242; see also Mayle v. Felix, 545 U.S. 644, 655 (2005).  Rule 15(a) states, "[t]he court shall freely give leave [to amend] when justice so requires."  Fed. Rule Civ. P. 15(a)(2).  In Mayle, the Supreme Court held that "claims added by amendment [must] arise from the same core facts as the timely filed claims," and must not be "separate in both time and type from the originally raised episodes." Id. at 657 (quotation and citation omitted).  "An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading."  Fed. Rule Civ. P. 15(c)(1)(B).

Petitioner's motion does not offer any description of the proposed amendment, any explanation for the basis for the proposed amendment and also does not include a copy of Petitioner's proposed First Amended Petition as an exhibit.  Without this information, the Court can not determine what Petitioner's proposed new claims are, or evaluate whether they are either timely filed or "relate back" to the claims made in the Petition filed in this action.  The motion is, therefore, DENIED.

The Court will, however, afford Petitioner another opportunity to seek leave to amend his Petition.  If Petitioner wishes to seek leek leave of the Court to amend his Petition to add claims that have not already been raised in this case, he must file a Motion for Leave to File a First Amended Petition no later than **January 20, 2012.  Any such motion shall include as an exhibit a copy of the proposed First Amended Petition, which shall be complete in itself without reference to the original Petition or any other filings in this case or any other case.  See Civ LR 15.1  Furthermore, all proposed new claims must be timely filed or "relate back" to the claims made in the Petition filed in this action**.  Respondent may file an opposition

/ /

to the Motion for Leave File a First Amended Petition **within fourteen (14) days of the filing of the motion**.

DATED:  December 16, 2011

_____
Jan M. Adler
U.S. Magistrate Judge