UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>MICHAEL STRAINER, Warden,<br><br>　　　　　　Respondent. | Case No. 11-cv-190-LAB(JMA)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 39]** |

On January 27, 2011, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1]. On December 19, 2011, Petitioner filed a Motion for the Appointment of Counsel. [Doc. No. 39]. The Court has considered and denies Petitioner's motion for appointment of counsel without prejudice for the reasons stated below.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the Court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730

1 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the Court conducts an evidentiary hearing on the Petition. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573. Here, there is no current indication that an evidentiary hearing is necessary.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

At this stage of the proceedings, there is no indication that appointment of counsel is required to prevent a due process violation. Neither is there an indication that the issues are too complex or that Petitioner is incapable of presenting his claims. Thus, at this time, the Court finds that the interests of justice do not require the appointment of counsel.

Accordingly, Petitioner's Motion for Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED: June 15, 2012

Jan M. Adler
U.S. Magistrate Judge

2