UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL STRAINER, Warden,<br><br>Respondent. | Case No. 11-cv-190-LAB(JMA)<br><br>**ORDER DENYING MOTION TO COMPEL DISCOVERY [DOC. NO. 34]** |

On January 27, 2011, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1, *Petition*]. Thereafter he filed a Motion to Compel Discovery, which is opposed by Respondent. [Doc. Nos. 34, *Motion to Compel Discovery* & 40, *Respondent's Response to Motion to Compel Discovery*]. The Court has considered and denies Petitioner's motion to compel for the reasons stated below.

The Petition that is the subject of this action contains claims for federal habeas relief based on the denial of a Certificate of Rehabilitation Petitioner filed with the Superior Court of California, County of San Diego. *Petition*, p. 4. On November 4, 2011, he says he reviewed his central inmate file, but was only permitted to make copies of 15 pages because the file was too large. He now seeks to obtain a copy of the entire file. He offers no explanation as to why his request for discovery is appropriate in this case.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Bramley*, 520 U.S. 899, 904 (1997). In order to be entitled to discovery, a petitioner must make specific factual allegations that demonstrate good reason to believe the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *See Id.* at 908-09. Pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases, the Court may allow a party who demonstrates good cause to conduct discovery under the Federal Rules of Civil Procedure.

Petitioner has not demonstrated good cause to conduct the discovery he seeks. The claims presented in his Petition are based on matters contained in the records of the California courts, which have been lodged with this Court in connection with this action. His central inmate file does not have any apparent relation to these claims. Petitioner has not identified any documents contained in the central inmate file that are relevant, under Federal Rule of Civil Procedure 26(b), to his claims that his constitutional rights were violated when his application to San Diego County Superior Court for a Certificate of Rehabilitation was denied. Furthermore, even if Petitioner were permitted to conduct this discovery, it is unlikely any evidence obtained from Petitioner's central inmate file would be appropriate for consideration by the Court, as a federal habeas court can only consider evidence which was actually presented to the state courts. 28 U.S.C. § 2254 (d)(1) & (d)(2); *Cullen v. Pinholster*, 563 U.S. __, 131 S.Ct. 1388 (2011).

Petitioner's motion to compel is, therefore, DENIED.

**IT IS SO ORDERED**.

DATED: August 6, 2012

Jan M. Adler
U.S. Magistrate Judge

2