UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM CECIL THORNTON,<br><br>Petitioner,<br><br>vs.<br><br>MATTHEW CATE, Secretary,<br><br>Respondent. | Civil No.      11-0190 LAB (JMA)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED PETITION [ECF No. 42].** |
|---|---|

## I.  INTRODUCTION

Petitioner William Cecil Thornton (hereinafter "Petitioner"), a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, challenging the denial of a certificate of rehabilitation by the state courts. (ECF No. 1.) Petitioner contends his federal constitutional rights were violated because he was required to register as a sex offender in California in 2005 on the basis of a 1987 Tennessee sexual battery conviction as a condition of parole following his 2004 conviction for violating California Vehicle Code sections 10851(a) and 2800.2(a) in case number SCE245274 in the Superior Court of San Diego, East County Division. (See Proposed First Amended Petition 8 [ECF No. 42-2]; Reply Exhibit B 1 [ECF No. 45-1].) Petitioner argues that he was not required to register in the state of Tennessee where he received his sexual battery conviction, and that the California registration requirement is unconstitutional. (Petition ["Pet."]  4; Exhibit 1 at 2-5.)  On

January 3, 2012, Petitioner filed a Motion for Leave to File a First Amended Petition. [ECF No. 42.]

The Court has considered Petitioner's Motion for Leave to Amend (hereinafter "Mot. for Leave to Amend"), Attachments, Respondent's Opposition (hereinafter "Oppo."), and Petitioner's Reply (hereinafter "Reply"). Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court **GRANTS** the Motion for Leave to Amend the Petition.

## II. PROCEDURAL BACKGROUND

Petitioner has filed multiple cases in this Court that are pertinent. On July 28, 2010, Petitioner filed a complaint pursuant to 42 U.S.C. § 1983, asserting that (1) his rights to due process, freedom of association and freedom from cruel and unusual punishment were violated because he was required to register as a sex offender as a condition of parole due to a 1987 Tennessee conviction, and as a result, upon his release from a parole violation in 2007, was not permitted to live at his home with his wife because it would violate the conditions of California Proposition 83, the sex offender registration statute otherwise known as Jessica's Law, (2) various constitutional rights were violated, including his due process rights and the prohibition against cruel and unusual punishment, when he was assigned on November 21, 2007, to a GPS parole unit in addition to other conditions of parole which he claims are overbroad and did not pertain to his California criminal activity, and (3) he suffered discrimination because a sex offender named Richard Lilly who was in the same parole unit as Petitioner was allowed to live in Petitioner's home with Petitioner's wife, when Petitioner was prohibited from doing so. (See Complaint 3-5 in case number 10cv1583 RBB Thornton v. Schwarzenegger, [ECF No. 1.]) This Court found that Petitioner's claims were not cognizable under section 1983, and dismissed the complaint without prejudice to allow Petitioner to bring the claims in a petition for a writ of habeas corpus. (See Order filed June 1, 2011, in case number 10cv1583 RBB Thornton v. Schwarzenegger, [ECF No. 58.]) Petitioner appealed the dismissal to the Ninth Circuit Court of Appeals, and that appeal is currently pending. (See Thornton v. Schwarzenegger, No. 11-56146 (9th Cir., filed July 11, 2011)).

On February 17, 2011, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 in case number 11cv0338 CAB (DHB) challenging his January 22, 2010, conviction in case number SCE295036 for second degree robbery and petty theft with a prior, asserting claims of ineffective assistance of trial counsel, racial remarks and bias, illegal sentence and plea bargain, and the denial of certain good time credits. (See Petition in case number 11cv0338 CAB (DHB) Thornton v. Cate, [ECF No. 1.]) On March 7, 2012, Magistrate Judge Louisa Porter[1] issued a Report and Recommendation recommending that the Petition be denied. (See Report & Recommendation in case number 11cv0338 CAB (DHB) Thornton v. Cate [ECF No. 75.]) On April 4, 2012, Petitioner filed a Motion to Stay the amended petition, and on May 29, 2012, Magistrate Judge David H. Bartick, issued a Report and Recommendation recommending that the Motion to Stay be denied. (See Motion to Stay in case number 11cv0338 CAB (DHB) Thornton v. Cate [ECF No. 79]; Report & Recommendation filed May 29, 2012 in case number 11cv0338 CAB (DHB) Thornton v. Cate [ECF No. 86].) The Report and Recommendations are currently pending before District Judge Cathy Ann Bencivengo.

On July 1, 2011, Petitioner filed another Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 in case number 11cv1485 BEN (WMc), in which he stated that he was challenging his 1987 Tennessee conviction for sexual battery, but he raised the same three claims concerning his parole conditions that he raised in case number 10cv1583, specifically (1) his due process and equal protection rights were violated because he was prohibited from living with his wife in his home because it would be in violation of the terms of his parole status pursuant to Proposition 83 as a registered sex offender, (2) his assignment to a GPS sex offender parole unit and overbroad conditions of parole are unrelated to his California conviction and violate his due process and equal protection rights, along with violating the prohibition against cruel and unusual punishment and constitute a loss of liberty, and (3) he suffered discrimination and violation of his equal protection rights because a registered sex offender named Richard Lilly who was in the same GPS parole unit as Petitioner, was allowed

---

[1] The case has since been transferred to the calendar of Magistrate Judge David H. Bartick.

to live in Petitioner's home with Petitioner's wife while Petitioner was unable to live there due to the parole conditions. (<u>See</u> Pet. in case number 11cv1485 <u>Thornton v. Cate</u>, [ECF No. 1.]) By Order dated July 20, 2011, the Court dismissed the petition as duplicative of the Petition in the present case. (<u>See</u> Order filed July 20, 2011 in case number 11cv1485 <u>Thornton v. Cate</u>, [ECF No. 3].) The Court stated that Petitioner was challenging the requirement that he register as a sex offender in the state of California as a condition of parole, based on an underlying conviction suffered in the state of Tennessee, but that he already had a petition for habeas corpus pending before the Court in which he challenged the California requirement that he register as a sex offender based on the Tennessee conviction, referencing the present case. (<u>Id.</u>)

On January 27, 2011, Petitioner filed the current action challenging the denial of a certificate of rehabilitation by the state courts, arguing he was not required to register as a sex offender for his Tennessee conviction, and that the California registration requirement violates his constitutional rights. (Pet. 4-5 [ECF No. 1].) On August 30, 2011, Respondent filed an Answer, and on October 24, 2011, Petitioner filed a Traverse. [ECF Nos. 12, 29.] Prior to filing his Traverse, Petitioner filed a Motion for Joinder of Claims on September 12, 2011, requesting the court consolidate the claims he raised in various petitions filed in this Court, including the claims in case numbers 11cv1485 BEN (WMc), and 10cv1583 RBB. [ECF No. 22]. By Order dated October 17, 2012, the Court denied the motion, advising Petitioner that he could file a request for leave to amend to add any claims not already raised in the Petition. [ECF No. 26.] On January 13, 2012, Petitioner filed the present Motion for Leave to Amend. [ECF No. 42.] On January 12, 2012, Respondent filed an Opposition to Petitioner's Motion for Leave to Amend. (Opposition [ECF No. 44].) Petitioner filed a response to Respondent's Opposition on February 2, 2012. (Reply [ECF No. 45].)

**III. DISCUSSION**

Petitioner requests leave to file a First Amended Petition to add the following eight claims to his existing petition: (1) the requirement that he register as a sex offender under California law is a violation of due process, equal protection, the prohibition against cruel and

unusual punishment, and double jeopardy because he was not required to register in Tennessee as a sex offender for his 1987 conviction which serves as the basis for the California requirement (Mot. for Leave to Amend 2); (2) he was denied access to courts because the San Diego District Attorney's office refused to allow the filing of his request for a certificate of rehabilitation with the San Diego Superior Court (id. at 2-3) ; (3) the parole conditions applied to him violated his due process and equal protection rights along with his right to freedom of association, the prohibition against cruel and unusual punishment and ex post facto laws because in 2007, after being released, he was prohibited from living with his wife in his home because it would be in violation of the terms of his parole status pursuant to Proposition 83 as a registered sex offender (id. at 3); (4) his equal protection rights were violated and he suffered a loss of liberty because another sex offender, Richard Lilly, who was assigned to the same unit as Petitioner, was allowed to live in Petitioner's residence with Petitioner's wife when Petitioner was prohibited from living in the residence (id.); (5) his equal protection and freedom of speech rights, among other constitutional rights, were violated because he was assigned to a sex offender unit on November 21, 2007, and the accompanying conditions of parole were overbroad and did not pertain to his California criminal past (id.); (6) there was a violation of his equal protection and freedom of speech rights, and he suffered theft of property and discrimination on June 30, 2008, because a man named Richard Lilly[2] had control of his vehicle but Petitioner's parole officer would not intervene to help him recover the vehicle and Petitioner's parole officer also did not intervene to help him recover clothes and personal property from his estranged wife (id. 4-5); (7) Petitioner was the victim of reprisal, employment discrimination and his right to work was violated because he was given a condition of parole that required that all potential clients be notified of Petitioner's criminal history and prior sex offense before employment commenced (id. at 5); and (8) the imposition of Proposition 83 requirements on Petitioner violated the prohibition against ex post facto laws because the requirement was enacted in November 2007 but his Tennessee conviction was from 1987, twenty years before the enactment of this requirement  (id.)

---

[2] The person identified as Richard Lilly in claims four and six are presumably the same person however Petitioner does not so state.

1    Respondent argues that the request for leave to file an amended petition should be
2  denied because the new claims are unexhausted and do not "relate back" under <u>Mayle v. Felix</u>,
3  545 U.S. 644 (2005), to claims contained in the original Petition filed in this case. (Oppo. at
4  8-9.)

5    Generally, habeas applications "may be amended ... as provided in the rules of
6  procedure applicable to civil actions." 28 U.S.C.A. § 2242 (West 2006).  A petition may be
7  amended once as a matter of course, or with leave of court more than twenty one days after a
8  responsive pleading has been filed. <u>See</u> Fed. R. Civ.Pro. 15 (West 2011). The Court shall
9  "freely give leave when justice so requires." <u>Id.</u>

10    First, Respondent contends that the claims Petitioner proposes to add to his Petition are
11  not exhausted, and therefore, the Court should not allow amendment to add them. (Oppo. 8.))
12  Petitioner asserts in his Reply that the proposed claims are exhausted. (Reply 2-4 [ECF No.
13  45].) Petitioner has attached documentation to his Motion for Leave to Amend, including his
14  proposed First Amended Petition, which suggests some, if not all, of his claims are exhausted.
15  (<u>See</u> Mot. for Leave to Amend, Exhibit 1, 5-6 [ECF No. 42-2].)

16    Respondent next argues that the proposed claims do not relate back to the claims in the
17  original Petition, and therefore amendment should not be allowed. (Oppo. 9.) The Court does
18  not undertake an examination of whether the claims relate back, as the law of the case dictates
19  that claims related to the California requirement that Petitioner register as a sex offender are
20  included in the present petition. "[W]e are generally precluded under the 'law of the case'
21  doctrine from reconsidering an issue that has already been decided by the same court in the
22  identical case." <u>Sechrest v. Ignacio</u>, 549 F.3d 789, 802 (9th Cir. 2008). Here, Petitioner filed
23  a habeas petition in case number 11cv1485 in which he challenged the requirement that he
24  register as a sex offender as a condition of parole in California based on an underlying
25  Tennessee conviction. (<u>See</u> Pet. 6, <u>Thornton v. Cate</u>, case No. 11cv1485 BEN (WMc) [ECF
26  No. 1].) By Order dated July 20, 2011, this Court, the Honorable Roger T. Benitez, held that
27  the petition was duplicative of this Petition, finding that Petitioner already had the current
28  Petition for a writ of habeas corpus pending before this Court in which he was challenging the

California requirement that he register as a sex offender based on the underlying Tennessee conviction. (See Order filed July 20, 2011, Thornton v. Cate, case no. 11cv1485 BEN (WMc) [ECF No. 3].)

In addition, under a liberal construction of Petitioner's original Petition in this case[3], it appears Petitioner is attempting to challenge the California requirement under Proposition 83 that he register as a sex offender on the basis of his Tennessee conviction, as well as the parole conditions attached to that registration. Petitioner argued in claims one and two that his due process and equal protection rights were violated, and stated that he was not required to register in Tennessee. (See Pet. 4 [ECF No. 1].) Furthermore, Petitioner attached his petition for a certificate of rehabilitation to the County of San Diego Superior Court in which he argued that he:

> was not ordered to register in the state of Tennessee as a sex offender, nor was it required at the time of Petitioner's conviction. This is the only nature of this type of crime that Petitioner has ever had. On the grounds of Petitioner was not required to register as a sex offender in the State of Tennessee nor was Petitioner ever advised of any further registration in Tennessee nor any other State. . . it is a violation of due process for any State to impose punishment on a defendant beyond that specified in a negotiated disposition . . . Petitioner prays that the Court makes its order and decree declaring that Petitioner not be required to Penal Code registration recommending that the Governor of the State of California grant Petitioner a full pardon.

(Pet. Exhibit A 2-5 [ECF No. 1].)

Although Petitioner stated on the first page of his original Petition that he was simply challenging the denial of his certificate of rehabilitation by the state courts, a generous reading of the original Petition and its attachments indicates that Petitioner is attempting to challenge the registration requirement and parole conditions, as he does in his amended petition. See Fed.R.Civ.P. Rule 15(c)(B) (an amendment to a petition relates back to the date of the original pleading when the amendment arises out of the same conduct *attempted* to be set out in the original petition.)

//

---

[3] Zichko v. Idaho, 247 F.3d 1015, 1020-21 (9th Cir. 2001)(requiring that courts construe pro se pleadings liberally.)

Based on this Court's previous holding in case number 11cv1485, and a liberal construction of the original petition in this case, the Court finds that justice requires Petitioner be afforded the opportunity to amend his Petition.

### IV.   CONCLUSION AND ORDER

Good cause appearing, the Court **GRANTS** the Motion for Leave to File an Amended Petition. Petitioner's proposed First Amended Petition shall be filed as the operative pleading going forward. Respondent is directed to file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **September 24, 2012**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[4] At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is not required for the motion to dismiss. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **October 24, 2012**.

If Respondent does not contend that the First Amended Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the First Amended Petition, and a memorandum of points and authorities in support of such answer, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **October 9, 2012**. Petitioner may file a traverse to matters raised in the answer no later than **November 8, 2012**. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

*The Clerk of Court is directed to file ECF No. 42-2 attached to the Motion for Leave to Amend as the First Amended Petition in this case.*

DATED: August 10, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[4] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.