UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM CECIL THORNTON, | Civil No. 11-0190 LAB (JMA) |
|---|---|
| Petitioner, | |
| vs. | **ORDER GRANTING MOTION TO DISMISS [Doc. #60]** |
| MATTHEW CATE, Secretary, | |
| Respondent. | |

## I. INTRODUCTION

William Cecil Thornton (hereinafter "Petitioner"), a state prisoner proceeding pro se, and in forma pauperis with a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("FAP"), raises multiple claims challenging the requirement that he register as a sex offender in California on the basis of his 1986 Tennessee conviction, and the conditions of parole attached to that requirement. (FAP at 1 [ECF No. 59] [1].) Respondent has filed a Motion to Dismiss, contending that six of the eight claims raised in the First Amended Petition are untimely filed, and should be dismissed. (Mot. to Dismiss [ECF No. 60].) Thornton has not filed an Opposition.

//

---

[1] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the Court's electronic case filing system.

-1-                                                                                          11cv0190

The Court has considered the First Amended Petition and Motion to Dismiss. Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court **GRANTS** the Motion to Dismiss.

## II. PROCEDURAL BACKGROUND

Petitioner has a lengthy criminal history and has filed multiple petitions for writ of habeas corpus in state court. However, the Court focuses only on those convictions and petitions relevant to the disposition of the current Motion. In 2004, Petitioner was convicted of vehicle theft in San Diego County Superior Court, case number SCE245274, and was incarcerated in state prison. (Resp. to Oppo. Mot. for Leave to Amend, Ex. B at 21 [ECF No. 45-1].) In August 2005, before Petitioner's release from prison, he was informed by the California Department of Corrections and Rehabilitation (CDCR) that he was required to register as a sex offender on the basis of his 1987 Tennessee conviction for sexual battery. (Id.) Thornton was next convicted on March 28, 2006, in San Diego Superior Court for receiving stolen property and was sentenced to sixteen months in prison. In re Thornton, No. EHC 676, filed Dec. 29, 2008 (Sup. Ct.). Petitioner was released on parole, but returned to prison due to a parole violation, and was released again on December 16, 2008. In re Thornton, No. D057623, slip op, at 1 filed Jul 27, 2010 (Cal. Ct. Ap.) On January 22, 2010 Thornton entered a guilty plea in San Diego Superior Court case number SCE295036 to charges of second degree robbery and petty theft with a prior, and was sentenced to three years in prison. In re Thornton, Case No. SCE295036 filed Oct. 8, 2010 (Sup. Ct.)

Petitioner constructively filed the current Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, on January 19, 2011, claiming that his equal protection and due process rights were violated because he was required to register as a sex offender pursuant to California Proposition 83, and that his federal constitutional rights were violated by the state court denial of a certificate of rehabilitation. (Pet. at 4, 5 [ECF No. 1].) On August 10, 2012, Petitioner was granted leave to amend his Petition in the present case. [ECF No. 58.]

//
//

The First Amended Petition contains eight claims: (1) the requirement that he register as a sex offender under California law is a violation of due process, equal protection, the prohibition against cruel and unusual punishment, and double jeopardy because he was not required to register in Tennessee as a sex offender for his 1987 conviction (Mot. for Leave to Amend 2); (2) he was denied access to courts because the San Diego District Attorney's office refused to allow the filing of his request for a certificate of rehabilitation with the San Diego Superior Court (id. at 2-3) ; (3) his constitutional rights were violated by the parole conditions applied to him as a consequence of his sex offender status because, in 2007, after being released on parole, he was prohibited from living in his home with his wife because it would be in violation of the terms of his parole (id. at 3); (4) his equal protection rights were violated and he suffered a loss of liberty in 2007 because another sex offender, Richard Lilly, was allowed to live in Petitioner's residence with Petitioner's wife when Petitioner was prohibited from living in the residence (id.); (5) his equal protection and other constitutional rights were violated when he was assigned to a sex offender unit on November 21, 2007, which carried overbroad conditions of parole that did not pertain to his California criminal past (id.); (6) on June 30, 2008 Petitioner's equal protection and freedom of speech rights were violated because Petitioner's parole officer would not intervene to help Petitioner recover his vehicle from Richard Lilly[2], (id. at 4-5); (7)  Petitioner was the victim employment discrimination and his right to work was violated because he was given a condition of parole that required that all potential clients be notified of Petitioner's criminal history and prior sex offense before employment commenced (id. at 5); and (8) the imposition of Proposition 83 requirements on Petitioner violated the prohibition against ex post facto laws because the requirement was enacted in November 2007 but his Tennessee conviction was from 1987, twenty years before the enactment of this requirement  (id.)

Respondent filed the current Motion to Dismiss on September 12, 2012 seeking dismissal of claims three through eight. [ECF No.  60.] Petitioner has not filed an Opposition.

---

[2]The person identified as Richard Lilly in claims four and six are presumably the same person although Petitioner does not so state.

## III. DISCUSSION

Respondent contends that claims three through eight of the First Amended Petition are untimely because the one-year statute of limitations under 28 U.S.C. 2244(d)(1)(D) began to run on June 30, 2008, the latest date upon which Petitioner claims his constitutional rights were violated due to the parole conditions, when his parole officer did not help him retrieve his vehicle. (Mot. at 9-12 [ECF No. 60-1].) Therefore, Respondent claims that Petitioner had until June 30, 2009, in which to bring his claims to federal court, but Petitioner did not file the current action until January 27, 2011. (Id. at 1, 9-10.) Respondent further argues that these claims are time barred because they arise from Petitioner's 2004 conviction and he did not raise any of these claims in a state habeas petition until 2010.[3] (Id. at 11-12.)

### A. Standard

Under 28 U.S.C. § 2244(d), a petitioner has one year to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d) (West 2006). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[3] Respondent contends that the current Petition challenges Petitioner's 2010 conviction, but that claims three through eight arise from Petitioner's 2004 conviction, and are therefore untimely. (Mot. at 1, 9,11.) The Court notes that Petitioner is challenging his parole conditions, not the convictions themselves, therefore, for purposes of timeliness under 28 U.S.C. § 2244(d)(1)(D), the Court looks to the date upon which the predicate facts could have been discovered and the date of the underlying conviction is immaterial. See 28 U.S.C. §2244(d)(1)(D); see also Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001)(the clock starts ticking on the statute of limitations when a prisoner knows, or through diligence could have discovered, the relevant facts).

diligence.

28 U.S.C. § 2244(d) (West 2006).

The statute of limitations, however, is subject to both statutory and equitable tolling. See 28 U.S.C. § 2244(d)(1); Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010).

**B.  Analysis**

Here, the alleged violations of Petitioner's federal constitutional rights outlined in claims three, four, five, six, seven, and eight, did not occur until 2007 at the earliest, and 2008 at the latest. Therefore, for purposes of calculating the commencement of the statute of limitations applicable to these claims, the Court looks to the latest date upon which Petitioner claims he suffered a violation of his constitutional rights due to his sex offender registration under § 2244(d)(1)(D). On June 30, 2008 Petitioner claimed that while he was seeing his parole agent at the Escondido Police Department, another sex offender, Richard Lilly, took Petitioner's vehicle and Petitioner's parole agent, Christine Cavalin, did not help retrieve the vehicle. (FAP at 4 [ECF No. 42].) Accordingly, June 30, 2008, is the date upon which the factual predicate of his most recent claim was discovered and, absent tolling, Petitioner had until June 31, 2009, to file his federal petition containing this claim. See §2244(d)(1)(D); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the day of the event which triggers the running of the statute of limitations is not counted, begin counting on the next day). Petitioner filed the current Petition on January 19, 2011, 568 days after the statute of limitations expired, and, therefore, the claims are untimely unless statutory or equitable tolling apply to the Petition.

*1. Statutory Tolling*

In federal courts in California, as long as the petitioner was "properly pursuing" state court remedies, AEDPA's "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (footnote omitted). Respondent claims that Petitioner did not file a state habeas petition raising these claims until 2010. (Mot. at 16.) However, on November 3, 2008, Petitioner filed the first of many state habeas petitions, in case number EHC676, in which he challenged the parole conditions applied

to him following his 2006 release from prison.  (See Pet. at 2, In re Thornton, No. EHC 676 filed Nov. 3, 2008 (Ca. Sup. Ct.).)  In that petition, Thornton claimed that beginning in 2007, he was required to comply with parole conditions due to his sex offender status which included a residency restriction that would force him out of his residence with his wife, GPS monitoring, and employment restrictions that violated his constitutional rights.  (See Pet at 3, Mem. P & A at 3, 13, In re Thornton, case number EHC676 filed Nov. 3, 2008 (Ca. Sup. Ct. ).)  At the time he filed the petition, a total of 126 days had elapsed of the 365 day tolling period, leaving 239 days within which Petitioner could file his federal habeas petition.  The Superior Court denied the petition on June 11, 2009.  See Order In re Thornton case number EHC676 filed Jun. 11, 2009 (Ca. Sup. Ct.)  On June 28, 2010,Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal.  (See Pet. In re Thornton, No. D057623 filed Jun. 28, 2010 (Cal.Ct. Ap. )  At that time, a period of 382 days had elapsed between the denial of his petition in the San Diego Superior Court and the filing of his petition in the California Court of Appeal.

       The appellate court denied the petition on July 27, 2010 as premature because Petitioner was challenging conditions of parole but he was incarcerated, so no conditions applied to him at that time.  See In re Thornton, slip op. at 1-2,  No. D057623 (Cal. Ct. Ap. Jul. 27, 2010 ) After being released on parole and becoming subject to the conditions once again, Petitioner filed a Petition for Writ of Habeas Corpus on August 30, 2010 in the California Supreme Court in which he challenged the residency restrictions and GPS monitoring, in addition to other conditions of parole as unconstitutional.  See Petition, In re Thornton, case number S185900 (Cal. S.Ct. Aug. 30, 2010.)  By Order dated February 2, 2011, the California Supreme Court denied the petition.  See Order, In re Thornton, case number S185900 (Cal.  S.Ct. Feb. 2, 2011).  Thornton constructively filed the current Petition on January 19, 2011, less than one year after the conclusion of collateral review.  However, the timeliness of his federal petition turns on whether the he is entitled to "gap tolling," i.e., statutory tolling for the period of time between the denial of a petition for writ of habeas corpus by a state court and the filing of a petition at the next level of the state court system.

//

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Supreme Court has stated that "an application is pending as long as the ordinary state collateral review process is "in continuance" – i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). This includes the time during which a petition is being considered by a state court, and, generally speaking, the time *between* filings, or gap tolling, unless the petitions filed in the state courts were untimely. Evans v. Chavis, 546 U.S. 189, 199-200 (2006); Stancle v. Clay, 629 F.3d 948, 953 (9th Cir. 2012). Because California does not have a bright line rule regarding timeliness, and Evans did not set one, the determination of whether a state petition was timely, and therefore gap tolling is permitted, must be determined on a case by case basis, considering whether the filings were made within a period of time California would consider "reasonable." Evans, 546 U.S. at 197-199. The Evans Court gave guidance for lower courts making that determination noting that courts must assume, until the California courts state otherwise, that California law regarding timeliness does not differ significantly from other states which use 30 or 60 day rules for untimeliness, and that a 6-month unexplained delay (which was the case in Evans) is presumably presumptively unreasonable. Id. at 192-193; See also Chaffer v. Prosper, 592 F.3d 1046 (9th Cir. 2010) (holding that gaps of 115 days and 101 days without adequate explanation of the delays as required under California law did not support statutory tolling, and noting that the California Supreme Court had declined to answer the certified question regarding what constitutes a timely non-capital habeas case).

Here, Petitioner waited 382 days before filing his petition in the California Court of Appeal after the denial of his petition in the San Diego Superior Court. Petitioner's delay of more than a year between his state court collateral filings is presumptively unreasonable, and therefore, he is not entitled to gap tolling for this time period, and these claims are untimely. See Evans, 546 U.S. at 201.

//

//

### *2. Equitable Tolling*

AEDPA's statute of limitations is subject to equitable tolling. <u>Holland</u>, 130 S. Ct. at 2560. "To be entitled to equitable tolling, [Petitioner] must show, '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from filing." <u>Lawrence v. Florida</u>, 549 U.S. 327, 336-37 (2007) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005).) Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (2002).

Petitioner has not shown that he pursued his claims diligently at the state court level. Moreover, the lengthy and unexplained delay between the denial of his petition in the superior court and his filing of a petition in the appellate court indicates that he has not been diligent. In addition, Petitioner has made no effort to demonstrate extraordinary circumstances prevented him from pursuing his case. Accordingly, there is no basis for granting equitable tolling. <u>Pace</u>, 544 U.S. at 418.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss and **DISMISSES** claims three, four, five, six, seven and eight as untimely.

**IT IS SO ORDERED**

DATED: February 28, 2013

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN** BURNS
United States District Judge