UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM CECIL THORNTON,

    Petitioner,

v.

JEFFREY A. BEARD, Secretary of
the California Department of
Corrections and Rehabilitation,

    Respondent.

Case No. 11-CV-190-LAB (JMA)

**REPORT AND
RECOMMENDATION RE
PETITION FOR WRIT OF
HABEAS CORPUS**

    For the reasons set forth below, the Court recommends the First Amended Petition filed by Petitioner William Cecil Thornton ("Petitioner" or "Thornton") be **DISMISSED** with prejudice for lack of federal habeas jurisdiction.

**I.**  **Introduction**

    Petitioner, a former state prisoner proceeding pro se, initiated this action on January 27, 2011 by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  On February 4, 2011, the Court issued an order construing the Petition as one filed pursuant to 28 U.S.C. § 2254.  (Doc. No. 4.)

On August 30, 2011, Respondent[1] filed an Answer, and on October 24, 2011, Petitioner filed a Traverse.  (Doc. Nos. 12, 29.)  On September 12, 2011, prior to filing his Traverse, Petitioner filed a Motion for Joinder of Claims to request that the Court consolidate the claims raised in various petitions filed in this court, including the claims in case numbers 11cv1485-BEN (WMc) and 10cv1583-RBB.  (Doc. No. 22.)  By Order dated October 17, 2011, the Court denied the motion, advising Petitioner that he could file a request for leave to amend to add any claims not already raised in the Petition.  (Doc. No. 26.)  On January 3, 2012, Petitioner filed a Motion for Leave to Amend, which was granted on August 10, 2012.  (Doc. Nos. 42, 58.)  Petitioner's First Amended Petition ("FAP") was deemed filed that same date.  (Doc. No. 59.)

On September 12, 2012, Respondent filed a Motion to Dismiss, contending that six of the eight claims (claims three through eight) raised in the FAP were untimely filed.  (Doc. No. 60.)   The Motion was granted on March 1, 2013.  (Doc. No. 62.)  As a result of the March 1, 2013 Order, the two remaining claims in the FAP included:  (1) the requirement that Petitioner register as a sex offender under California law is a violation of due process, equal protection, the prohibition against cruel and unusual punishment, and double jeopardy because he was not required to register in Tennessee as a sex offender for his 1987 conviction and (2) Petitioner was denied access to courts because the San Diego District Attorney's Office refused to allow the filing of his request for a certificate of rehabilitation with the San Diego Superior Court.  (FAP at 7.)

On May 3, 2013, Respondent filed an Answer relating to Petitioner's two remaining claims.  (Doc. No. 64.)  Petitioner did not file a Traverse.

---

[1]Jeffrey A. Beard is substituted for his predecessor, Matthew Cate, as Secretary of the California Department of Corrections and Rehabilitation.

11cv190

As discussed below, the Petition should be dismissed with prejudice for lack of federal habeas jurisdiction.

## II.   **Background**

This Court gives deference to state court findings of fact and presumes them to be correct.  Tilcock v. Budge, 538 F.3d 1138, 1141 (9th Cir. 2008).  Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence.  Id.; see also 28 U.S.C. § 2254(e)(1). The facts as found by the Superior Court of California, County of San Diego, are as follows:

> On January 27, 1987, petitioner William Cecil Thornton pleaded guilty, in a Tennessee court, to sexual battery in case 86-02052.  On March 6, 1987, the Tennessee judge sentenced petitioner to 90 days in the workhouse, with the sentence to be served on weekends.  On December 8, 1987, petitioner contends the sexual battery conviction was amended to "attempt felony."
>
> In 2004, petitioner was convicted in case SCE245274 of violating [California] Vehicle Code sections 10851, subdivision (a) and 2800.2, subdivision (a) in San Diego Superior Court, East County Division.  In August 2005, before petitioner's release from prison, he was notified by the California Department of Corrections and Rehabilitation (CDCR) that he must register as a sex offender.  Since 2005, petitioner states he has complied with this condition.
>
> On October 14, 2009, an information was filed against defendant in the San Diego Superior Court, East County Division, case  SCE 295036.  On January 22, 2010, petitioner entered a guilty plea to robbery in violation of Penal Code § 211 and petty theft with a prior in violation of Penal Code §§ 484/666.  Petitioner also admitted he had suffered two prison priors.  Petitioner was immediately sentenced to the total term of three years in state prison. . . .

(Lodgment No. 47.)

Petitioner appealed the 2010 judgment to the California Court of Appeal, Fourth Appellate District, Division One ("California Court of Appeal").  (Lodgment No. 3.)  On December 8, 2010, in an unpublished opinion, the California Court of Appeal affirmed that judgment.  (Lodgment

11cv190

No. 10.)  Petitioner then filed a petition for review in the California Supreme Court, which was denied without comment on February 25, 2011. (Lodgment Nos. 11, 12.)

Additionally, following the 2010 judgment, Petitioner filed the following petitions in state court to challenge California's sex offender registration requirements:[2]

(1)     a petition for writ of habeas corpus on June 28, 2010 in the California Court of Appeal, which was denied on July 27, 2010 (Lodgment Nos. 18-19; FAP, App. F [Doc. No. 42-9]);

(2)     a petition for writ of habeas corpus on August 16, 2010 in the San Diego Superior Court, which was denied on October 8, 2010 (FAP, App. K [Doc. No. 42-13]);

(3)     a petition for writ of habeas corpus on August 30, 2010 in the California Supreme Court, which was denied on February 2, 2011 (FAP, App. H [Doc. No. 42-10]);

(4)     a petition for review on August 30, 2010 in the California Supreme Court, which was denied on October 13, 2010 (Lodgment Nos. 20-21);

(5)     a petition for writ of habeas corpus on September 13, 2010 in San Diego Superior Court, which was denied on October 8, 2010 (FAP, App. L [Doc. No. 42-14]);

(6)     a petition for writ of mandate on an unknown date in San Diego Superior Court, which was denied on October 8, 2010 (Lodgment Nos. 46-47);

(7)     a petition for writ of habeas corpus on August 25, 2011 in the California Supreme Court, which was denied on September 28,

---

[2]Excluded from this list are habeas petitions filed by Petitioner not relating to his challenge of California's sex offender registration requirements.

2011 (Lodgment Nos. 56-57 & FAP, App. I [Doc. No. 42-11]);

(8)     a petition for writ of habeas corpus on September 12, 2011 in the California Court of Appeal, which was denied on September 30, 2011 (Lodgment Nos. 48-49 & FAP, App. N [Doc. No. 42-16]);

(9)     a petition for writ of habeas corpus on September 16, 2011 in the California Court of Appeal, which was denied on September 30, 2011 (Lodgment Nos. 52-53 & FAP, App. O [Doc. No. 42-17]);

(10)    a petition for writ of habeas corpus on October 6, 2011 in the California Court of Appeal, which was denied on October 27, 2011 (Lodgment Nos. 54-55);

(11)    a petition for writ of habeas corpus on October 12, 2011 in the California Supreme Court, which was denied on November 16, 2011 (Lodgment Nos. 58-59);

(12)    a petition for writ of habeas corpus on October 13, 2011 in the California Court of Appeal, which was denied on October 27, 2011 (see Lodgment No. 61 at 5);

(13)    a petition for writ of habeas corpus on October 20, 2011 in the California Supreme Court, which was denied on November 16, 2011 (Lodgment Nos. 50-51);

(14)    a petition for writ of habeas corpus on December 5, 2011 in the San Diego Superior Court, which was denied on December 12, 2011 (Lodgment Nos. 60-61); and

(15)    a petition for writ of habeas corpus on December 28, 2011 in the California Court of Appeal, which was denied on January 12, 2012 (Lodgment Nos. 62-63).

//

Petitioner has also filed numerous cases in this district, including the following in which he challenged the sex offender registration requirement conditions of his parole:  Thornton v. Schwarzenegger, Case No. 10cv1583-RBB[3]; Thornton v. Cavalin, Case No. 11cv108-BEN (CAB); Thornton v. Cavalin, Case No. 11cv1484-IEG (POR); Thornton v. Cate, Case No. 11cv1485-BEN (WMc); Thornton v. Cavalin, Case No. 11cv2309-MMA (PCL); and Thornton v. Cate, Case No. 12cv118-JLS (RBB).  All of these cases, excluding the first-listed, are closed.

## III.   Discussion

### A.   Standard of Review

Habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  Harrington v. Richter, 562 U.S. ----, 131 S.Ct. 770, 786 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979)).  A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Federal habeas courts may not "reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 68 (1991); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal

---

[3]In this case, Thornton alleged, in a complaint brought pursuant to 42 U.S.C. § 1983, that the CDCR violated his constitutional rights by imposing Global Position System ("GPS") monitoring and residency restrictions as parole conditions.  The district court found that Thornton's claims were not cognizable under § 1983 and dismissed his complaint.  Petitioner appealed.  The Ninth Circuit recently issued an opinion holding that Thornton could proceed with his § 1983 claim.  See Thornton v. Brown, --- F.3d ----, 2013 WL 7216368 (9th Cir. 2013).

court sitting in habeas corpus.")

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs review of Petitioner's claims because he filed his federal habeas petition after that statute's 1996 effective date.  Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  AEDPA imposes a "'highly deferential standard for evaluating state-court rulings,'" requiring "that state-court decisions be given the benefit of the doubt."  Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (quoting Lindh, 521 U.S. at 333 n.7).  "AEDPA prevents defendants–and federal courts–from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."  Renico v. Lett, 559 U.S. 766, 779 (2010).

## B.  Petitioner Does Not Meet the "In Custody" Requirement of § 2254

Petitioner contends (1) the requirement that he register as a sex offender under California law as a condition of his parole due to his 1987 conviction in Tennessee is a violation of due process, equal protection, the prohibition against cruel and unusual punishment, and double jeopardy, and (2) he was denied access to courts because the San Diego District Attorney's Office refused to allow the filing of his request for a certificate of rehabilitation with the San Diego Superior Court.  (FAP at 7.)

A federal court must consider its subject matter jurisdiction at all stages of litigation.  See Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003); see also Rule 12, Rules Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied to a § 2254 proceeding); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The "in custody" requirement is jurisdictional.

11cv190

Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998).  As set forth above, federal habeas relief is available only on the ground that an inmate is "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).  Although petitioners need not be physically confined to challenge a sentence on habeas corpus, they must establish that they are subject to conditions that "significantly restrain . . . [their] liberty."  Virsnieks v. Smith, 521 F.3d 707, 717 (7th Cir. 2008) (citing Jones v. Cunningham, 371 U.S. 236, 243 (1963)); see also Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.")  The Supreme Court has interpreted the "in custody" language as "requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed."  Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (emphasis added).

At the time he filed his original petition in this case, Petitioner was incarcerated, as a result of his 2010 guilty plea, in the California Correctional Institution in Tehachapi, California (see Doc. No. 1), and was later transferred to the Correctional Training Facility in Soledad, California (see Doc. No. 10).  Petitioner appears to have been released from custody in or around April 2012.  See Doc. No. 53 (reflecting change of address to non-prison address in San Marcos, California); see also Doc. No. 52 at p. 18 (parole form reflecting May 1, 2012 release date).

Petitioner, however, does not challenge his 2010 conviction or sentence.  He challenges only the requirement that he register as a sex offender under California law, which he is required to do as a consequence of his 1987 Tennessee conviction, not as a result of his 2010 conviction and sentence or, indeed, any of his California offenses.  Although

11cv190

1   Petitioner was physically in custody for his 2010 conviction at the time he

2   initiated this habeas action, he was not "in custody" for the conviction or

3   sentence under attack, as his 2010 conviction and sentence bear no

4   relation to his sex offender registration requirement, and he served and

5   completed his 90 day sentence for his 1987 Tennessee conviction long

6   ago.  See Lodgment No. 47.  Although Petitioner was notified in 2005 and,

7   in anticipation of his release in 2012, that he would be subject to the

8   registration requirement upon his respective releases from prison (see

9   Lodgment Nos. 47, 63), he has been required to register as a sex offender

10  under California Penal Code § 290 since he became a resident of

11  California.  See Cal. Penal Code § 290(b) (requiring sex offenders to

12  register as sex offenders so long as they reside, attend school, or work in

13  California).  His California offenses, including his most recent offense in

14  2010, for which he was incarcerated at the time he filed his original petition

15  in this case, are not the events that triggered the requirement that

16  Petitioner register as a sex offender.  Rather, Petitioner was simply placed

17  on notice before his releases from incarceration that he was required to

18  continue to comply with the registration requirement.  In short, the claims

19  raised in his First Amended Petition are not related to Petitioner's

20  underlying 2010 conviction or judgment, and though he was incarcerated at

21  the time he filed his petition, his incarceration had nothing to do with the

22  issues presented in the petition.  Therefore, he does not meet the "in

23  custody" requirement, and the petition should be dismissed.

24        In a case similar to the one at hand, the District Court of Arizona

25  found that the requirement that petitioner comply with Arizona's sex

26  offender registration law was not a consequence of the conviction for which

27  he was then in custody, but rather was a consequence of an earlier

28  conviction in California.  Cleveland v. Babeu, 2013 WL 2217496, at *2 (D.

1    Ariz. 2013).  The court determined that this did not satisfy the "in custody"

2    requirement of section 2254 and dismissed the petitioner's constitutional

3    challenge to the requirement that he register as a sex offender under

4    Arizona law.  See id.; see also Olmos v. Ryan, 2014 WL 922867, at *7 (D.

5    Ariz. 2014) (dismissing challenge to Arizona's sex offender registration

6    program for lack of jurisdiction because the challenge lacked any nexus to

7    the petitioner's custody).

8            Moreover, that Petitioner is required to register as a sex offender

9    under the California sex offender registration act does not place Petitioner

10   "in custody" for purposes of federal habeas corpus.  In Williamson v.

11   Gregoire, the Ninth Circuit held that a petitioner challenging Washington's

12   sex offender registration law did not meet the "in custody" requirement

13   because the law did not impose a significant restraint on the petitioner's

14   liberty, but was instead a collateral consequence of the petitioner's

15   conviction.  Williamson, 151 F.3d at 1183-84.  In Henry v. Lungren, the

16   Ninth Circuit, following Williamson, rejected the petitioner's argument that

17   the lifetime sex offender registration requirement was tantamount to

18   "perpetual 'custody'" and held that California's sex offender registration

19   requirement does not render a petitioner "in custody" for habeas purposes

20   when a petition is filed after a prisoner's release from prison and discharge

21   from probation or parole.  Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th

22   Cir. 1999).  The court found the registration requirement is "merely a

23   collateral consequence of conviction" that is not sufficient to satisfy the "in

24   custody" requirement of § 2254.  Id. at 1242; cf. Fowler v. Sacramento

25   County Sheriff's Dept., 421 F.3d 1027, 1033 n.5 (distinguishing Henry and

26   finding habeas jurisdiction when the petitioner was on probation for the

27   conviction under attack at the time he filed his habeas petition); see also

28   Leslie v. Randle, 296 F.3d 518, 523 (6th Cir. 2002) (holding petitioner's

11cv190

challenge to sexual predator registration requirement not cognizable on habeas corpus review because it did not present a restraint on the petitioner's movement); Virsnieks, 521 F.3d at 722 (holding requirement that petitioner register as a sex offender was a non-custodial component of his sentence and was not a cognizable habeas claim); Maleng, 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it.").

In sum, Petitioner was not "in custody" under the conviction or sentence under attack at the time he filed his petition in this case, and the requirement that he register as a sex offender under California law does not place Petitioner "in custody" for purposes of federal habeas corpus. Because he was not "in custody," the Court has no jurisdiction over the entirety of the petition.  Therefore, the First Amended Petition should be dismissed for lack of habeas jurisdiction.[4]

## IV.   Conclusion and Recommendation

After a thorough review of the record in this matter, the undersigned magistrate judge finds that federal habeas jurisdiction does not exist. Therefore, the Court hereby recommends the First Amended Petition be **DISMISSED WITH PREJUDICE** and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable Larry A. Burns, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **IT IS ORDERED** that not later

---

[4]The Court notes that on June 2, 2014, Petitioner's address was updated on the docket to reflect a change of address to the California Institute for Men in Chino, California.  That Petitioner has apparently been re-incarcerated does not affect the Court's analysis herein.

than **June 23, 2014**, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."  **IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than **July 7, 2014**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  June 2, 2014


Jan M. Adler
U.S. Magistrate Judge