# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>                Petitioner,<br>vs.<br><br>JEFFERY A. BEARD, Secretary of the California Department of Corrections and Rehabilitation,<br><br>                Respondent. | CASE NO. 11-CV-190-LAB (JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

    Thornton filed a habeas petition on January 27, 2011. Pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and (d), the petition was referred to Magistrate Judge Adler for a Report and Recommendation ("R&R"). Judge Adler issued his R&R on June 2, 2014, recommending that Thornton's petition be dismissed for lack jurisdiction because he was not in custody under the sentence at issue when he filed it. Judge Adler's R&R and Thornton's objections to it are now before the Court.

    "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). See also 28 U.S.C. § 636(b). If no objection is made, however, this de novo determination isn't required. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc). Because Thornton is

proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

**I. Factual Background**

In January 1987, Thornton pleaded guilty to sexual battery in Tennessee and was sentenced to 90 days of work release. (Lodgment No. 47.) Sixteen years later, in August 2003, Thornton moved to California. (Obj. Att. E.) Subsequently in 2004, Thornton was convicted of stealing a vehicle and recklessly evading the police, and he served six months in prison for that. (Lodgement No. 47.)

Before Thornton was released from prison in August 2005, he was told that he would have to register as a sex offender in compliance with California Penal Code § 290 ("Megan's Law") because of his 1987 Tennessee conviction. (Lodgement No. 47.) Thornton claims that he did this. (Lodgment No. 47.) In January 2010, Thornton pleaded guilty to robbery and petty theft and was sentenced to three years in California prison. On January 27, 2011, while serving this sentence, Thornton filed the present petition. (Doc. No. 1.)

After amending his petition, and after six of his original eight claims were dismissed, the two remaining claims in Thornton's First Amended Petition ("FAP") are: (1) the requirement that Thornton register as a sex offender under California law is a violation of due process, equal protection, the prohibition against cruel and unusual punishment, and double jeopardy because he was not required to register as a sex offender in Tennessee after his 1987 conviction; and (2) Thornton was denied access to courts because the San Diego District Attorney's Office refused to allow the filing of his request for a certificate of rehabilitation with the San Diego Superior Court. (FAP at 7.)

**II. Discussion**

The statute that authorizes federal courts to grant a writ of habeas corpus, 28 U.S.C. § 2241, in relevant part, gives federal courts jurisdiction only over habeas petitioners who are "in custody." 28 U.S.C. § 2241 at (c)(1)-(4); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Although a petitioner does not need to be physically incarcerated to satisfy the "in custody" requirement, there must be some restraint on the petitioner's liberty beyond the collateral consequence of a conviction. *Compare Jones v. Cunningham*, 371 U.S. 236 (1962) ( "While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in [] 'custody' . . . within the meaning of the habeas corpus statute[.]"), *with Maleng,* 490 U.S. at 492 ("Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."). The Ninth Circuit has expressly held that the sex offender registration requirement of § 290 does not render one "in custody" for the purposes of habeas corpus. *Henry v. Lungren*, 164 F.3d 1240 (2005). That is, "[r]egistration, even if it must be done in person at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas corpus relief." *Id.* at 1242.

Moreover, it doesn't matter that Thornton happened to be in custody for a 2010 conviction when he filed this petition, because he challenges only the requirement that he register as a sex offender under California law, as a result of his 1987 Tennessee conviction. Because the claims raised in Thornton's petition are not related to his 2010 conviction and his 90 day sentence for his 1987 Tennessee conviction was completed more than 20 years ago, he does not meet the "in custody" requirement of 28 U.S.C. § 2241. *See Maleng,* 490 U.S. at 492  ("[The Supreme Court has] interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.").

Thornton suggests that the Court can exercise subject matter jurisdiction under 28 U.S.C. § 1331, however the "in custody" requirement of § 2241 is jurisdictional for the purposes of habeas corpus. *See Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir. 1998) ("Because the 'in custody' requirement is jurisdictional . . . it is the first question we must consider[.]") (citing *Maleng*, 490 U.S. at 490).

**III. Conclusion**

Thornton's objection to the R&R's treatment of his FAP is **OVERRULED**, the Court **ADOPTS** the R&R in its entirety, and Thornton's petition is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

DATED: July 16, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge